IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| POWER-ONE, INC. | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.: 2:05-CV-463-LED-JDL |
| | § | |
| ARTESYN TECHNOLOGIES, INC. | § | JURY |
| *Defendant.* | § | |
| | § | |

**DEFENDANT ARTESYN TECHNOLOGIES, INC.'S
RENEWED MOTION FOR A JUDGMENT AS A MATTER OF LAW
OF NO INFRINGEMENT OF THE '798 AND '916 PATENTS**

**I.     Introduction**

Artesyn hereby renews its motion for Judgment as a Matter of Law pursuant to Fed. R. Civ. P. 50(b) that Power-One failed to establish that the DPL20C and its demo board infringe any claim of either U.S. Patent No. 7,049,798 or U.S. Patent No. 6,949,916.[1]  Power-One filed this lawsuit asserting infringement of four separate patents, including the '798 and the '916 patents. Power-One served preliminary infringement contentions for both the '798 and the '916 patents. Power-One then asked the Court to construe certain terms of the '798 and '916 patents. When the claim construction returned unfavorably on these two patents, Power-One no longer sought to assert either patent against Artesyn. Artesyn, however, did not consent to this removal of the claims. Further, Power-One never sought to amend its pleadings to remove allegations of infringement of the two patents. The live pleadings at the time of trial accused Artesyn of infringing both the '798 and '916 patents. The live pleadings also contained a request for a declaratory judgment of non-infringement by Artesyn. At trial, Power-One presented no

---

[1]  Artesyn moved for a Judgment as a Matter of Law at the close of Power-One's case in chief and renewed such motion at the close of all evidence. Artesyn preserved its right to renew this motion after the verdict.

1

evidence that Artesyn infringed any claim of either patent. Because Power-One failed to introduce any evidence it failed to meet is burden of proof and Artesyn is entitled to a judgment as a matter of law with respect to these two patents.

## II.     Legal Standards

"The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1223 (Fed. Cir. 2004). A motion for judgment as a matter of law is appropriate when, on reviewing the entire record, there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party on an issue. *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 427 (5th Cir. 2003). "Judgment as a matter of law of no literal infringement is appropriate if no reasonable fact finder could determine that the accused devices meet every limitation of the properly construed claims." *Elkay Mfg. v. EBCO Mfg.*, 192 F.3d 973, 980 (Fed. Cir. 1999). This burden cannot be met in this case. Here, Plaintiff offered absolutely no evidence or testimony at trial that either of the '798 or '916 Patents was infringed.

## III.    Argument

Artesyn is entitled to a judgment as a matter of law that it does not infringe any claim of the '798 or '916 patents. Power-One chose not to present any evidence at trial with regards to these two patents. However, allegations of infringement of these two patents remained in the live pleadings (the complaint and infringement contentions) at the time of trial. Therefore, Power-One was under an obligation to introduce any and all evidence that it had at trial. Power-One failed to do this. Power-One should not benefit from this complete disregard for its own

2

pleadings. Further, a final judgment cannot be entered because fewer than all claims have been adjudicated. *See* Fed. R. Civ. P. 54(b).

Power-One will likely argue that it reduced the amount of claims for the convenience of the Court. While Artesyn acknowledged Power-One would not proceed on the claims of the '916 and '798 patents, it did so with the expectation that the pleadings would be conformed. Power-One never conformed its pleadings with the fact that it had no longer chosen to pursue any claims of the '916 and '798 patents. Artesyn raised this issue with the Court in the Joint Proposed Pre-Trial Order filed on June 29, 2007. The first contested issue of fact states:

> 1. Whether Artesyn infringes each of the 20 asserted claims or any claims of the '798 or '916 patents, either directly or by inducement, and either literally or under the doctrine of equivalents, by making, using, offering for sale, or selling in the United States, or importing into the United States the DPL20C or power control systems using the DPL20C.

Power-One declined to produce any evidence related to the '916 patent or the '798 patents. Finally, Power-One declined to submit any jury instructions related to these two patents.

Power-One failed to produce any evidence of infringement of the '916 or '798 patent. This failure dictates that Artesyn is entitled to a judgment as a matter of law of no infringement with respect to these claims. Without this proper adjudication, fewer than all claims will be resolved and a final judgment cannot be entered.

### IV. Conclusion

For the reasons discussed above, Artesyn is entitled to a judgment as a matter of law of non-infringement with respect to the '798 and '916 patents. In the absence of such a finding, no final judgment can be entered in this case because there are open claims in Power-One's pleadings that can not be addressed apart from such a judgment.

HOUSTON: 0021927.00002: 1221089v2

Date:   December 7, 2007 Respectfully submitted,

By:  */s/ Nathan C. Dunn*

Jennifer Parker Ainsworth
State Bar No. 00784720
WILSON, SHEEHY, KNOWLES,
    ROBERTSON & CORNELIUS, PC
One American Center
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Telephone:   (903) 509-5000
Facsimile:   (903) 509-5092
jainsworth@wilsonlawfirm.com

Robert J. McAughan, Jr.
State Bar No. 00786096
*Lead Attorney*
Nathan C. Dunn
State Bar No. 24036509
Jeffrey A. Andrews
State Bar No. 24050227
LOCKE LORD BISSELL & LIDDELL LLP
3400 JP Morgan Chase Tower
600 Travis Street
Houston, Texas 77002-3095
Telephone:    (713) 226-1200
Facsimile:    (713) 223-3717
bmcaughan@lockeliddell.com

*Attorneys for Defendant Artesyn Technologies, Inc.*

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 7th day of December, 2007.

*Nathan C. Dunn*_____
Nathan C. Dunn

HOUSTON: 0021927.00002: 1221089v2