UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| POWER-ONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARTESYN TECHNOLOGIES, INC., <br><br> Defendant. | CIVIL ACTION NO. 2:05-CV-463 (JDL) <br><br> **JURY** |

### POWER-ONE'S OPPOSITION TO ARTESYN'S MOTION FOR JUDGMENT AS A MATTER OF LAW OF NO INFRINGEMENT OF THE '798 AND '916 PATENTS

**I.     INTRODUCTION**

Artesyn's motion misses a critical fact. Power-One was not "*dilatory*" in presenting evidence of infringement of the '798 and '916 patents – these two patents were not part of the trial. The jury trial was limited to the '999 and '125 patents for trial management purposes by agreement of the parties and also by order of the Court on Artesyn's own motion *in limine.* Power-One thus had no obligation – indeed, it had no opportunity – to present evidence to the jury directed to the '798 and '916 patents. Those patents were simply not part of the trial. Given this procedural posture, judgment as a matter of law is inappropriate.

Also, Artesyn's motion is based on the following flawed theory – every allegation in a "live pleading" that was not presented to the jury should be adjudged to fall due to "lack of evidence." If true, then Artesyn's allegations of invalidity of the '798 and '916 patents in Artesyn's "live pleading" (its Third Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Fourth Amended complaint, D/E 195 filed on June 8, 2007) must likewise be adjudged against Artesyn. Under Artesyn's theory of the law, Power-One is entitled to judgment as a matter of law that Artesyn has failed to prove the '916 or '798 patents invalid.

Accordingly, if the Court decides, over Power-One's objections, to grant Artesyn's motion for judgment as a matter of law that Power-One has failed to prove infringement of the '798 and '916 patents, then the Court should also grant Power-One judgment as a matter of law that Artesyn has failed to prove invalidity of the '798 and '916 patents. Power-One is filing a Motion and Proposed Order with this Opposition.

## II.  ARGUMENT

### A.  Both Parties Assented to the Reduction in Claims

Though Artesyn now claims it "did not consent to this removal of claims" (Motion pg. 1), the evidence shows that it did consent. On April 16, 2007, Power-One notified Artesyn of its intent to reduce the number of claims it would present at trial, in response to concerns by the Court that the originally asserted eighty-two claims would be too much for the jury. (Ex. A). If Artesyn opposed this reduction, it could have communicated this objection to Power-One. Instead, Artesyn sent a letter stating that Artesyn's expert would "only be presenting these same twenty claims" in his report. (Ex. B). The expert's subsequent report addressed only the reduced set of twenty claims.

Artesyn further manifested its assent when it filed its motions for summary judgment. Artesyn asked for summary judgment of invalidity and non-infringement with respect to U.S. Patent Nos. 6,936,999 and 7,000,125 only, and filed nothing addressing either the '916 or '798 patents.

### B.  Artesyn Barred Any Evidence of Infringement of These Patents

After the parties agreed to limit the case to two patents, Artesyn went one step further and moved to preclude any evidence concerning Artesyn's infringement of the '916 and '798 patents at trial. Specifically, Artesyn stated: "Power-One should be precluded, in limine, from offering any evidence or argument concerning any alleged infringement by Artesyn of either [the '798 or

the '916] patents." (D/E 269, pg. 10). The reason Artesyn gave is that Power-One had previously represented that it would not be presenting infringement allegations from these two patents to the jury.[1]

The Court granted this motion, thereby precluding Power-One from presenting its evidence of infringement at trial. (D/E 286). Artesyn's statement that "Power-One was under an obligation to introduce any and all evidence that it had at trial" makes no sense in light of the Court's ruling on this issue. (Motion, pg. 2). Power-One is unaware of, and Artesyn has failed to cite to, any legal authority that would penalize Power-One for failing to submit evidence that Power-One, Artesyn, and the Court all understood was not an issue being presented to the jury.

### C. JMOL Is Not Appropriate On An Issue Not Before The Jury

Judgment as a matter of law is only appropriate where "a party has been fully heard on an issue during a jury trial." Fed. R. Civ. P. 50(a)(1). On the other hand, it is not appropriate to file motion for judgment as a matter of law on an issue that was not before the jury in the first place.

Significantly, Artesyn did not file a motion for summary judgment of no infringement on the '798 and '916 patents. That would have been the appropriate time to get resolution on these two patents, if it so chose. Instead, Artesyn let the deadline for motions for summary judgment pass, then moved to exclude evidence of the '798 and '916 patents from the jury trial which involved two different patents (the '999 and '125 patents).

When Artesyn made this same motion at the close of the evidence, it was summarily denied. Now, after the jury trial on the '999 and '125 patents, Artesyn again makes the bogus argument that Power-One failed to prove its case as to the '798 and '916 patents, which were not before the jury in the first place. The Court should apply its earlier ruling and deny Artesyn's motion.

---

[1] At the time, Power-One offered to withdraw its claims for the DPL20C on the '916 and '798 patents. (Ex. C, Transcript of 7/30/2007 Pretrial Hearing, pg. 109) Artesyn refused.

**POWER-ONE'S OPPOSITION TO ARTESYN'S MOTION FOR JUDGMENT AS** A MATTER OF LAW OF
NO INFRINGEMENT OF THE '798 AND '916 PATENTS - Page 3

### D. Artesyn's Own Claims Relating to the '916 and '798 Patents Should Be Treated Equally

Artesyn's motion conveniently ignores its own claims with regard to the validity of the '916 and '798 patents, for which it too "failed" to present any evidence at trial. Because Power-One's and Artesyn's claims with regard to these two patents are similarly situated, the Court should address both sets of claims equally. Thus, if the Court finds that Artesyn is entitled to judgment as a matter of law that the DPL20C and its demonstration board do not infringe these patents, the Court should likewise rule that Power-One is entitled to judgment as a matter of law that Artesyn has failed to prove that the '798 and '916 patents are invalid over the prior art of record in this case, or on the basis of a lack of written description, enablement, or best mode.

## III. CONCLUSION

For the foregoing reasons, Power-One requests that this Court deny Artesyn's motion. In the alternative, should the Court grant Artesyn's motion, Power-One requests that the Court likewise enter judgment as a matter of law that Artesyn failed to prove that the '798 and '916 patents are invalid over the prior art of record, or on the basis of a lack of written description, enablement, or best mode.

Dated:  December 22, 2007          Respectfully submitted,

By: */s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.
State Bar No. 00785097
glennthames@potterminton.com
Michael E. Jones
State Bar No. 10929400
Mikejones@potterminton.com
POTTER MINTON
A Professional Corporation
500 Plaza Tower
110 North College Avenue
Tyler, TX 75702
(903) 597-8311 (Telephone)
(903) 593-0846 (Facsimile)

Alan D. Smith, BBO#629034
Steven R. Katz, BBO#642732
Whitney A. Fellberg, BBO#663599
Matthew J. Leary, BBO#666074
FISH & RICHARDSON P.C.
225 Franklin Street
Boston, MA 02110-2804
617-542-5070 (Telephone)
617-542-8906 (Facsimile)

Thomas M. Melsheimer
State Bar No. 13922550
M. Brett Johnson
State Bar No. 00790975
FISH & RICHARDSON P.C.
1717 Main Street, Suite 5000
Dallas, TX  75201
214-747-5070 (Telephone)
214-747-2091 (Facsimile)

Counsel for Plaintiff
POWER-ONE, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 22, 2007 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.