**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **POWER-ONE, INC.,** § | |
| § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. 2:05cv463 |
| vs. § | |
| § | |
| **ARTESYN TECHNOLOGIES, INC.,** § | |
| § | |
| Defendant, § | |
| § | |

## FINAL JUDGMENT

This matter came for trial before a jury on November 6, 2007. Plaintiff Power-One, Inc. ("Power-One") appeared in person and through its attorneys and announced ready for trial. Defendants Artesyn Technologies, Inc. ("Artesyn") appeared in person and through its attorneys and announced ready for trial. The Court then empaneled and swore in the jury. Trial commenced on November 6, 2007, and continued through November 15, 2007. On November 15, 2007, the Court submitted questions, definitions, and instructions to the jury. On the afternoon on November 15, 2007, the jury returned a verdict that the Court received, filed, and entered of record.

In its verdict, the jury determined that Artesyn literally infringed claims 1, 6, 15-17, 23, and 30 of United States Patent No. 7,000,125 ("the '125 patent"), and did not literally infringe or infringe under the Doctrine of Equivalents any asserted claims of United States Patent No. 6,936,999 ("the '999 patent"). The jury also found Artesyn did not willfully infringe the '125 patent. Finally, the jury found Artesyn failed to prove by clear and convincing evidence that the asserted claims of the '125 and '999 patents are invalid. The parties entered into a stipulation for damages, and thus, the damages issue was not before the jury. Artesyn's defense of unenforceability of the patents-in-suit

due to inequitable conduct was tried to the Court, and on April 11, 2008, the Court announced its decision that, based upon the evidence introduced during trial, Artesyn had not proven Power-One engaged in inequitable conduct with respect to the patents-in-suit.

Power-One requested a permanent injunction prohibiting Artesyn from infringing any of the asserted claims of the '125 patent. On April 11, 2008, the Court entered a Memorandum Opinion and Order granting Power-One's request for permanent injunction. In accordance with the jury's verdict, the Court's post-trial rulings, and the Court's May 21, 2008 order granting the parties' joint motion to dismiss all remaining claims regarding United States Patent Nos. 6,949,916 ("the '916 patent") and 7,049,798 ("the '798 patent"), the Court renders the following judgment:

It is hereby ORDERED, ADJUDGED, and DECREED that the Court has entered a permanent injunction against Artesyn prohibiting Artesyn from infringement of the '125 patent, on such terms as are set forth in its permanent injunction which is incorporated herein by reference.

It is further hereby ORDERED, ADJUDGED, and DECREED that Power-One take nothing on its claim for infringement of the '999 patent, and Artesyn take nothing on its claims of invalidity of the '999 patent.

It is further hereby ORDERED, ADJUDGED, and DECREED that the parties take nothing on their claims for the '916 and '798 patents.

The Court denies all relief not granted in this final judgment.

**So ORDERED and SIGNED this 1st day of July, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE