**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **POWER-ONE, INC.,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | **CIVIL ACTION NO. 2:05cv463** |
| § | |
| **ARTESYN TECHNOLOGIES, INC.,** § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Power-One, Inc.'s ("PowerOne") Motion to Award Costs (Doc. No. 452). PowerOne has also filed a Reply (Doc. No. 458), while Defendant Artyesyn Technologies, Inc., ("Artesyn") has filed both a Response (Doc. No. 457), and a Surreply (Doc. No. 462). The instant motion presents a number of issues with respect to Plaintiff's request for an award of costs. Having fully considered the parties' arguments and for the reasons set forth herein, the Court hereby **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff PowerOne's Motion to Award Costs and **ORDERS** Defendant Artesyn to pay PowerOne's costs in the amount of $50,268.89.

## BACKGROUND

Plaintiff PowerOne filed suit against Defendant Artesyn alleging infringement of multiple patents owned by PowerOne. This matter came for trial before a jury on November 6, 2007. On November 15, 2007, the jury returned a verdict finding multiple claims of U.S. Patent No. 7,000,125 ("the '125 patent") valid and infringed. The parties stipulated to damages, and Power-One requested and was granted a permanent injunction prohibiting Artesyn from infringing any of the asserted claims of the '125 patent. The Final Judgment was entered on July 2, 2008, and on July 16, 2008, Plaintiff filed a Bill of Costs and the instant motion seeking a post-judgment award of costs.

## LEGAL STANDARD

Rule 54 of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party" unless the court provides otherwise. Fed. R. Civ. Pro. 54(d)(1). The Fifth Circuit has held that there is a "strong presumption" that the prevailing party will be awarded costs, and a denial, therefore, is "in the nature of a penalty." *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citation omitted). Therefore, when a district court reduces or denies costs to a prevailing party, the district court must articulate "some good reason for doing so." *Pacheco*, 448 F.3d at 794 (citation omitted).

While a district court possesses the discretion to reduce or deny costs, the court's discretion in awarding costs is limited. The Supreme Court has stated that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)," and section 1920 therefore "enumerates expenses that a federal court may tax as a cost under" Rule 54(d). *Crawford Fitting Co. V. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). These enumerated expenses include compensation of court appointed experts, necessary copies, and docket fees, among others. 28 U.S.C. § 1920.

## DISCUSSION

Defendant argues that there are a number of problems with respect to Plaintiff's Amended Bill of Costs. First, Defendant disputes that Plaintiff's motion is properly before this Court, asserting that it is untimely. Second, Defendant argues that Plaintiff is not the "prevailing party" as required by Rule 54. Finally, Defendant argues that many of the costs Plaintiff seeks are not recoverable. Defendant asserts that Plaintiff seeks to recover unnecessary and unenumerated costs. Each of these arguments will be addressed in turn.

I.      **Timing of Motion**

Defendant first argues that Plaintiff's motion should be wholly denied because Plaintiff failed to seek an award of costs before this Court's Final Judgment was entered and because the Final Judgment "denies all relief not granted in this final judgment." (Doc. No. 450). Defendant assumes, by this argument, that a motion for costs is necessarily included in the post-trial motions that were required to be filed by December 7, 2007 (Doc. No. 371) and that this Court intended to deny costs in issuing the Final Judgment. However, neither is the case.

Rule 54(d) sets out no specific time limit for filing a bill of costs, effectively allowing a party to wait until after appeal. *White v. New Hampshire Dept. Of Employment Sec.*, 455 U.S. 445, 454 n.17 (1982) (noting that Rule 54(d) specifies no time barrier for motions for costs). This Court's local rules require a bill of costs to be filed with the clerk no later than fourteen days after the final judgment is filed, unless otherwise provided by order of the presiding judge. Local Rule CV-54.

Here, Plaintiff filed its Proposed Bill of Costs and the instant motion with the clerk on July 16, 2008—exactly fourteen days after the Final Judgment was entered. (Doc. No. 450). In *White*, the Supreme Court explicitly recognized that although Rule 54(d) sets out no time limit, district courts are free to adopt local rules establishing standards for timely filing of requests for costs, as this Court has done. *White*, 455 U.S. at 454 n.17. As such, Plaintiff's request was timely and proper under both the federal rules—which lack a time limit—and the local rules—which specify fourteen days.

That the Final Judgment did not award costs to the prevailing party is of no matter because district courts retain jurisdiction to hear post-judgment motions for costs. *See e.g. Buchanan v. Stanships, Inc.*, 485 U.S. 265, 266 (where plaintiff filed post-judgment motion for costs three days

after the court entered a final judgment which made no mention of costs). A post-judgment motion for costs under Rule 54(d) seeks only what is "due *because of* the judgment." *Buchanan*, 485 U.S. at 268 (original emphasis). A judgment on the merits is a necessary step to establishing the prevailing party, who may be due an award of costs.

In fact, because "[a]ssessment of such costs does not involve reconsideration of any aspect of the decision on the merits," Rule 54(d) directs parties to first file a bill of costs not with the court, but with the clerk. Fed. R. Civ. Pro. 54(d)(1). The clerk may tax costs on one day's notice, and the non-prevailing party may thereafter file a motion challenging the costs with the court. *Id.* Further, when read in conjunction with Rule 58, which provides that "entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees," Rule 54(d) clearly contemplates that a district court may hear motions on cost issues after entry of a final judgment.

Therefore, not only was Plaintiff's instant motion timely, but it was properly brought as contemplated by both federal and local rules.[1] Defendant's arguments otherwise are inconsistent with the words and intentions of the federal rules.

## II. Prevailing Party

Defendant next argues that Plaintiff is not entitled to costs because Plaintiff is not the prevailing party. Defendant contends that because Plaintiff voluntarily dismissed its infringement claims with respect to two patents and the jury returned a verdict of non-infringement of another asserted patent in Defendant's favor, Defendant is the prevailing party. OPPOSITION at 3–4.

---

[1] The federal rules contemplate the non-prevailing party bringing the motion to challenge a bill of costs, while here Plaintiff, the party filing the bill of costs, brought the instant motion. This small inconsistency does not change the conclusion. This Court's local rules have a "meet-and-confer" requirement for all motions, and Plaintiff likely filed the motion in conjunction with the bill of costs because Plaintiff was aware that Defendant intended to challenge the requested costs.

4

Moreover, Defendant argues that the relief Plaintiff sought and obtained was minimal, and therefore Plaintiff prevailed only in a limited sense. *Id.* Plaintiff responds by asserting that it successfully obtained the relief it sought in bringing this action: a permanent injunction, along with stipulated damages. REPLY at 2. Plaintiff further emphasizes that a permanent injunction was the main relief it sought in bringing the instant action. *Id.* at 1–2.

Rule 54 provides that costs should be allowed to the "prevailing party." Fed. R. Civ. Pro. 54(d)(1). In a case involving a single plaintiff and a single defendant with only one asserted claim, it is easy to determine the prevailing party. However, this determination becomes more complicated when an action involves multiple parties, multiple claims, and each party has claims adjudicated in its favor. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996).

To be a prevailing party in patent litigation, one must receive some relief on the merits which alters the legal relationship of the parties.[2] *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir 2004) (citing *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003)). A party is not required to prevail on all of its asserted claims to be considered a prevailing party. *Kemin Foods, L.C. v. Pigmentos Vegetales del Centro S.A. de C.V.*, 464 F.3d 1339, 1347 (Fed. Cir. 2006); *see also Manildra Milling*, 76 F.3d at 1183 (awarding costs to a plaintiff who's antitrust and common law claims failed, but obtained a declaration of invalidity of his opponent's patent). A party may prevail, for the purposes of Rule 54, by obtaining a judgment of infringement, invalidity, or even non-infringement. *Kemin*, 464 F.3d

---

[2] The Federal Circuit applies Federal Circuit law to define "prevailing party" in patent litigation. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir 2004) (citations omitted).

at z1347 (infringement); *Manildra Milling*, 76 F.3d at 1183 (invalidity); *Inland Steel*, 364 F.3d at 1320 (non-infringement).

Here, Plaintiff prevailed at trial, obtaining a judgment that Defendant infringed multiple claims of one of the asserted patents. (Doc. No. 450). Before trial, the parties stipulated to $100 in damages, and after trial, Plaintiff secured a permanent injunction prohibiting Defendant from infringing any of the successfully asserted claims.

A permanent injunction is an equitable remedy which alters the legal relationship of the parties by prohibiting or mandating certain action, and therefore alone this remedy is sufficient to make Plaintiff the prevailing party for the purposes of costs. Because the principal value of a patent comes from the right to exclude, the nature of the patent grant makes permanent injunctions important to prevailing patent-holders. A patentee's right to exclude would lose significant value without the ability to seek injunctive relief. *See e.g. Smith Int'l Inc. v. Hughes Tool Co.*, 718 F.2d 1573, 1577–78 (Fed. Cir. 1983).

Moreover, injunctive relief for patent infringement helps to "preserve the legal interests of the parties against future infringement which may have market effects never fully compensable in money." *Reebok Int'l Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1557 (Fed. Cir. 1994) (citing *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1457 (Fed. Cir. 1988)). As such, a permanent injunction is an important remedy that directly affects and intends to alter the relationship of the parties by modifying the Defendant's infringing activities to benefit the Plaintiff in ways money damages cannot.

On this issue, Defendant limits its discussion to a few short sentences that imply that the injunction was unnecessary. Defendant argues that Plaintiff "obtained a limited injunction against a product that Power-One knew . . . was never sold, never offered for sale, and was only

demonstrated for a limited period prior to and just after the case was initiated." OPPOSITION at 7. However, an injunction was issued because a jury determined that Defendant had infringed the '125 patent and because this Court determined that an injunction was necessary to prevent Defendant from further infringement. Moreover, Defendant did not present arguments to this effect in response to Plaintiff's Motion for Entry of Permanent Injunction. (Doc. No. 393). Instead, Defendant argued that the proposed injunction was overly broad because it would prohibit lawful activity and because it sought to enjoin activities of third-parties not involved in the litigation. (Doc. Nos. 402, 424). Defendant cannot now try to minimize the significance of the injunction issued by this Court in an attempt to argue that Plaintiff did not prevail in this litigation.

In *Kemin*, the defendant made a similar argument that was quickly dismissed by the Federal Circuit. 464 F.3d at 1347–48. There, the defendant argued that it should be considered the prevailing party because "its behavior was not affected by the permanent injunction." *Id.* at 1348. The Federal Circuit rejected this argument, holding that the plaintiff's "success in the litigation was sufficiently clear that the district court did not abuse its discretion in ruling that [the plaintiff] was the prevailing party." *Id.* Like *Kemin*, the tangible effects resulting from the permanent injunction are not of consequence in determining the prevailing party.[3] Here, Plaintiff sought and obtained a permanent injunction prohibiting Defendant from further infringement, and this is sufficient to conclude that Plaintiff is the prevailing party under Rule 54(d).

Even if the injunction alone was not sufficient to make Plaintiff the prevailing party, Plaintiff also obtained an award of damages. While Defendant attempts to dismiss the damage award as

---

[3] This Court is not saying that tangible effects should not be considered for the purposes of entering a permanent injunction. *See eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388 (2006). With an injunction already found to be appropriate, such effects are of no consequence in determining which party prevailed in the litigation.

merely nominal, as it may well be, any damage award, no matter how nominal, alters the legal relationship of the parties. *Davis v. Nicholson*, 475 F.3d 1360, 1363 (Fed. Cir. 2007) ("enforceable judgments on the merits, even for nominal damages . . . confer prevailing party status").  In sum, while Defendant had limited success in defending against Plaintiff's claims in the instant action, the award of a permanent injunction and stipulated damages altered the parties' legal relationship and therefore made plaintiff the prevailing party.

**III.    Scope of Recoverable Costs**

Finally, Defendant argues that in addition to the aforementioned issues, Plaintiff's Bill of Costs includes fees which are not enumerated in section 1920 or are unnecessary to this litigation. Defendant lists a number of items which it asserts should not be awarded: 1) video deposition fees; 2) live note fees; 3) expedited fees; 4) trial shredding service fees; and 5) trial expenses, which include copy costs, magazine costs, trial exhibit fees, and binder costs, among others.

Plaintiff responds that the challenged costs are recoverable and necessary.  Plaintiff argues that its request for video deposition fees is limited to the deposition videos Plaintiff was required to play at trial after Defendant removed certain witnesses from Defendant's will-call list mid-trial. REPLY at 4.  Similarly, Plaintiff argues that it had copies of Defendant's confidential materials which pursuant to the protective order were required to be shredded after trial, and therefore shredding services were necessary.  REPLY at 4.  Finally, Plaintiff makes conclusory assertions that the trial expenses were "likewise necessary for the use of the attorneys in preparing for hearings and for trial." *Id.*

Pursuant to Local Rule CV-7(h) and 7(i), Plaintiff's counsel attached a Certificate of Conference at the end of the instant motion that included a statement that the parties had met and

8

conferred and that the motion was opposed. However, Plaintiff's counsel failed to include the supplementary information required for opposed motions: 1) date and manner of the personal conference or attempt; 2) names of the participants in the conference; 3) an explanation of why no agreement could be reached; and 4) a statement that discussions have conclusively ended in an impasse, leaving an issue for this Court. Local Rule CV-7(i).

The purpose of this required conference includes, among other objectives, narrowing and limiting the issues to present to the Court. Although costs are generally awarded as a matter of course to the prevailing party under Rule 54(d), the prevailing party must still demonstrate that its costs are recoverable under Fifth Circuit precedent. *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 686 (E.D. Tex. 2007). The prevailing party should not burden the Court with the task of filtering down an exhaustive list of costs to those that are and those that are not recoverable. *Id.*

### A. Video Deposition Fees

Defendant argues that Fifth Circuit law makes it clear that video deposition fees are not recoverable. Plaintiff argues that because its request for video deposition fees is limited to the deposition videos it was required to play at trial after Defendant removed a witness from its will-call list mid-trial, these costs are recoverable.

Video deposition fees are not listed in section 1920 as recoverable costs, and the Fifth Circuit prohibits recovery without prior authorization from the court. *Maurice Mitchell*, 491 F. Supp. 2d at 687 (citing *Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004)). The Court did not give prior authorization for recovery of the costs of video depositions, and therefore the Court DENIES Plaintiff's request for recovery of the costs of videotaping the depositions.

Plaintiff's argument regarding having to play the video depositions at trial does not change this conclusion. Even if necessity were a factor in this analysis, as it is with other enumerated items in section 1920, the necessity must be shown at the time the deposition was taken. *Maurice Mitchell*, 491 F. Supp. 2d at 687 (citations omitted); *Halliburton Energy Services, Inc. v. M-I, LLC*, 244 F.R.D. 369, 371 (E.D. Tex. 2007). Plaintiff argues that the necessity did not arise until mid-trial. Therefore, even if videotaped deposition fees were recoverable upon a proper showing of necessity, Plaintiff still could not recover these fees, as the required "necessity" did not arise at the time the deposition was taken.

**B.   Incidental Deposition Fees, Including Live Note and Expedited Fees**

Defendant argues that Plaintiff's requested incidental deposition fees–including Live Note and expedited processing fees—are not recoverable. Plaintiff argues, in a single conclusory assertion, that these costs were necessary.

Incidental costs associated with depositions, including Live Note fees and expedited processing fees, are generally not recoverable. *Maurice Mitchell*, 491 F. Supp. 2d at 687 (citing *Harris Corp. V. Sanyo No. Am. Corp.*, 2002 WL 356755 at *3 (N.D. Tex. March 4, 2002)). These fees are not enumerated in section 1920 and case law makes it clear that they are not recoverable. Therefore, the Court DENIES Plaintiff's request to recover these costs.

**C.   Miscellaneous Trial Expenses**

Finally, Defendant challenges the list of trial expenses submitted by Plaintiff, arguing that Plaintiff has failed to meet its burden of proving necessity. Plaintiff succinctly asserts that such expenses were necessary, without adding any details or information as to why.

Copy costs are recoverable under section 1920, if they are necessarily obtained for use in the litigation. 28 U.S.C. § 1920(4); *Maurice Mitchell*, 491 F. Supp. 2d at 687 (citations omitted). However, charges for multiple copies, attorney correspondence, and other such items are not recoverable. *Maurice Mitchell*, 491 F. Supp. 2d at 687 (citing *Fogelman*, 920 F.2d at 286). The responsibility of showing necessity lies with Plaintiff, *see Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (citation omitted), and therefore Plaintiff may only recover those costs for which it has met its burden. *See e.g. Halliburton*, 244 F.R.D. at 373. Furthermore, the Court is permitted to decline to award costs listed in section 1920, but may not award costs omitted from the statute. *Crawford*, 482 U.S. at 441–42.

Here, Plaintiff asserts that the copy, shredding, and binder costs, in addition to all other listed trial expenses, were necessary for use in the case. Plaintiff, however, fails to explain with any level of detail what these costs are or why they were necessary. These conclusory statements are not sufficient to meet the standard for proving necessity. *See Reyes v. Texas EZ Pawn, L.P.*, 2007 WL 4530533, *2 (S.D. Tex. Dec. 19, 2007); *Bank One Texas, N.A. v. Apex Energy LLC*, 2002 WL 22055, *2 (N.D. Tex. Jan. 4, 2002). Without further explanation regarding these expenses, the Court cannot determine whether the expenses were necessary. Therefore, the Court DENIES Plaintiff's request to recover trial expenses.

## **CONCLUSION**

For the reasons stated above, the Court finds no valid justification for denying Plaintiff's request for an award of costs in its entirety. Without justification, Rule 54(d)(1) and the relevant holdings of the Fifth Circuit direct that an award of costs to the prevailing party is to be presumed. Plaintiff, however, may not recover all the requested costs. Plaintiff has not only requested fees

which are clearly not recoverable under Fifth Circuit law, but Plaintiff has also failed to provide adequate justification for costs which would otherwise be recoverable upon a sufficient showing.

For all of the foregoing reasons, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff PowerOne's Motion for an Award of Costs and **ORDERS** Defendant Artesyn to pay Plaintiff PowerOne the sum of $50,268.89. This amount does not include expedited fees, Live Note fees, video deposition fees, or any of the disputed trial expenses. It does include all trial and hearing transcript fees, deposition transcript fees, witness and court-appointed expert fees, and docket fees.

**So ORDERED and SIGNED this 26th day of August, 2008.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE